UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TERRY PARNELL**,

       Plaintiff,

v

**RICHARD BILLINGSLEA,
HAKEEM PATTERSON, CLINTON
MACK, and CITY OF DETROIT**

       Defendants.

No. 2:17-cv-12560
Judge

| | |
|---|---|
| **THOMAS E. KUHN** (P37924)<br>Attorney for Plaintiff<br>615 Griswold, Suite 515<br>Detroit, MI 48226<br>(313) 963-5222 / Fax: (313) 963-9061<br>tekuhn@aol.com<br><br>**DAVID ROBINSON** (P38754)<br>Co-Counsel for Plaintiff<br>28145 Greenfield Road, Suite 100<br>Southfield, MI 48076<br>(248) 423-6677 / Fax: (248) 423-7227<br>attyrobinson@davidarobinsonlaw.com | **VERONICA R. IBRAHIM** (P79922)<br>**JERRY L. ASHFORD** (P47402)<br>City of Detroit Law Department<br>Attorneys for Defendants<br>2 Woodward Avenue, Suite 500<br>Coleman A. Young Municipal Center<br>Detroit, MI 48226<br>(313) 237-6667 / Fax: (313) 224-5505<br>ibrahimv@detroitmi.gov<br>ashfj@detroitmi.gov |

### Notice of Removal of Civil Action

Under 28 U.S.C. § 1441, Defendant City of Detroit removes this civil action predicated upon the following:

1. On July 12, 2017, plaintiff commenced this action in the Third Judicial Circuit of Michigan. This action is now pending before that court.
2. Defendant was served with the summons and complaint on or about July 17, 2017.
3. The above entitled action is a civil suit for alleged civil rights violations in which plaintiff seeks compensatory and punitive damages, allegedly arising, in part, from a violation or deprivation of rights under the United State Constitution, as more fully appears in the copy of the complaint attached to this notice.
4. This Court has original jurisdiction of the above-entitled action under 28 U.S.C. § 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441(b).
5. Under 28 U.S.C. § 1441(c) this action is removed in its entirety to this Court.
6. Copies of all process, pleadings, and orders served upon the defendant in this matter are attached.
7. This notice is timely, having been filed within thirty days after service of Summons and Complaint upon the Defendant.
8. The undersigned has prepared a written notice of the removal of this action. Such notice has been provided to counsel for Plaintiff and to the clerk of the court from which this matter is removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will file a copy with the clerk of the court from which this action is removed, and provide a copy to counsel of record by first class mail and email.

9. Based upon the authorities and facts recited above, Defendant removes the above-entitled action to this Court.

Respectfully Submitted,

CITY OF DETROIT

Dated: August 8, 2017

By: /s/ *Veronica Ibrahim*
Veronica R. Ibrahim (P79922)
Jerry L. Ashford (P47402)
Attorneys for Defendants
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
(313) 237-6667 / Fax: (313) 224-5505
ibrahimv@detroitmi.gov
ashfj@detroitmi.gov

## Certificate of Service

The undersigned certifies that on August 8, 2017, she served the foregoing papers upon the above named counsel of record by U.S. Mail and by email.

/s/ *Veronica Ibrahim*

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 17-010580-NO Hon. Susan L. Hubbard |
|---|---|---|

2 Woodward Ave., Detroit MI 48226     Court Telephone No. 313-224-5183

**Plaintiff**
Parnell, Terry

v

**Defendant**
City of Detroit

**Plaintiff's Attorney**
David A. Robinson, P-38754
28145 Greenfield Rd Ste 100
Southfield, MI 48076-7102

**Defendant's Attorney**
Mail copy to GR

RECEIVED JUL 17 2017 CITY OF DETROIT LAW DEPARTMENT

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 7/12/2017 | 10/11/2017 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|

Place where action arose or business conducted

Date: 7/12/17
Signature of attorney/plaintiff: David A. Robinson wp



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

DB

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**TERRY PARNELL,**
    **Plaintiff,**

vs.

**CASE NO.-**     **NO**
**HON.**

**RICHARD BILLINGSLEA, HAKEEM PATTERSON, CLINTON MACK, and CITY OF DETROIT,**
    **Defendants,**

17-010580-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/12/2017 12:22:42 PM
CATHY M. GARRETT

**THOMAS E. KUHN (P37924)**
Attorney for Plaintiffs
615 Griswold, Ste. 515
Detroit, MI 48226

CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendants
2 Woodward Avenue, Ste. 500
Detroit, Michigan 48226
(313) /313) 224-5505 (fax)
@detroitmi.gov

**DAVID A. ROBINSON (P38754)**
Co-Counsel for Plaintiffs
28145 Greenfield Road, Suite 100
Southfield, Michigan 48076-7116
(248) 423-6677

## COMPLAINT and JURY DEMAND

There is no other pending or resolved cases between these parties or other parties arising from the transaction or occurrence alleged in the complaint.

    /s/ David A. Robinson
    DAVID A. ROBINSON (P39754)

**NOW COMES** the Plaintiffs, by and through their attorneys, and for their complaint against the defendants say as follows:

## PARTIES

1. At all pertinent times, Plaintiffs were residents of Wayne County, and citizens of the State of Michigan.

2. DEFENDANTS BILLINGSLEA, PATTERSON, and MACK (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and were employed as police officers by Defendant City of Detroit.

## JURISDICTION and VENUE

3. Individual Defendants were at all pertinent times employed as police officers and were, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of Defendant City of Detroit.

4. The Plaintiffs bring this action under the Constitution of the United States and under 42 USC 1983, and state law.

5. The actions giving rise to this complaint arose entirely within Wayne County, Michigan on and following January 14, 2017.

6. The amount in controversy exceeds Twenty-five Thousand Dollars ($25,000).

## FACTUAL ALLEGATIONS

7. On January 14, 2017, Terry Parnell (hereafter Plaintiff) was located at his fiancé, Nicole McCann's house at 10426 Greensboro Street.

8. Ms. McCann had recently purchased a new weapon.

9. Ms. McCann loaded and fired several rounds off her porch at a next-door abandoned and vacant house.

10. Plaintiff was not aware of Ms. McCann's intent to fire a weapon. He neither supported nor had any active engagement at all with her while she prepared and executed the weapon discharge.

2

11. Plaintiff was in a separate area of Ms. McCann's house while she prepared and fired the weapon.

12. Individual Defendants arrived at Ms. McCann's house soon after the shots were fired.

13. Ms. McCann notified Individual Defendants numerous times that she, not the Plaintiff, had been firing a weapon from her porch.

14. Despite Plaintiff not being associated with the weapon firing, Plaintiff not being visible to outside observers looking at Ms. McCann's porch at the time of firing, and Individual Defendants being directly told that Ms. McCann had fired the weapon, Individual Defendants accused Plaintiff of firing a gun at a police officer.

15. Plaintiff complied with all direction issued by Individual Defendants and posed no risk of harm or flight.

16. Individual defendants used excessive and unnecessary force to restrain Plaintiff and place him under arrest.

17. Plaintiff was taken into custody and detained for six days.

18. Plaintiff was released and his case dismissed for insufficient evidence.

19. As a direct and proximate result of the Defendant's misconduct, the Plaintiffs suffered injuries and damages including, but no limited to:

    a. Economic damages, past and future, including, but not limited to attorney fees;

    b. Physical injuries, including pain and suffering;

    c. Emotional injuries, including, but not limited to fear, anxiety, humiliation; and shame;

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I:
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

19. Plaintiffs hereby re-allege and incorporate herein by reference all of the Paragraphs, as though the same were fully set forth herein word for word.

20. The Individual Defendants' actions were done in their individual capacities, and under color of state law.

21. The Individual Defendants' actions violated clearly established rights of the Plaintiff including but not limited to:

    a. The right to be free from malicious prosecution of person and property, (4th Amendment);

    b. The right to be free from wrongful arrest (5th, 14th Amendments);

    c. The right to be free from wrongful search and seizure, and use of excessive force (4th Amendment);

    d. The right to procedural and substantive due process and fair treatment during search, seizure, arrest and prosecution (4th, 5th and 14th Amendments);

22. As a direct and proximate result of the Individual Defendants' actions, Plaintiffs suffered injury and damages including those set forth in paragraph 19.

23. Defendants pursued and continued prosecution of Plaintiffs when they knew the prosecution lacked probable cause, and the search, arrest and prosecution was based on false and fraudulent information provided by Defendants, willfully and wantonly, and with deliberate indifference.

4

**WHEREFORE**, Plaintiffs claim judgment against Individual Police Defendants in the amount more than Twenty-Five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

### COUNT II:
### MUNICIPAL LIABILITY AGAINST
### DEFENDANT CITY OF DETROIT UNDER 42 USC 1983

24. The Plaintiffs incorporate by reference the allegations set forth in Paragraphs above, as if fully set forth herein.

25. At all times herein, Defendant CITY OF DETROIT, with deliberate indifference to the constitutional rights of the Plaintiffs and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiffs' rights under the United States Constitution:

   a. Routinely pursuing and continuing prosecutions when it was known they lacked probable cause;

   b. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant CITY;

   c. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors about the appropriate and necessary bases for prosecution, appropriate use of force in performing arrests, and proper basses for arrest;

   d. Hiring and/or retaining as law enforcement officers and supervisors certain

persons whom the Defendant CITY knew or had actual notice prosecuting individuals without probable cause, using excessive force, or executing wrongful arrests;

e. Failing to intervene when it knew of improper continuation of prosecution of individuals lacking probable cause;

f. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing prosecution of individuals without probable cause, the continuing use of excessive force by officers, and the continuing occurrence of wrongful arrests by officers; and

g. Routinely failing to comply with federal consent decrees and other court orders requiring proper continuation of prosecution and requiring probable cause.

26. Each of the aforementioned customs, policies, or practices was known to Defendant CITY as highly likely and probable to cause violations of the United States constitutional rights of Plaintiffs and other individuals subject to excessive force, wrongful arrest, and continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiffs' United States constitutional rights, as set forth herein.

27. As a direct and proximate result of the Individual officers' actions, Plaintiffs suffered injury and damages including those set forth in paragraph 19.

**WHEREFORE**, Plaintiffs claim judgment against Individual Police Defendants in the amount in excess of Twenty-five Thousand Dollars ($25,000) which is fair and just

and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

### COUNT III:
### MALICIOUS PROSECUTION

28. Plaintiffs hereby re-allege and incorporate herein by reference all of the Paragraphs, as though the same were fully set forth herein word for word.

29. Individual defendants were at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

30. The minor decision making involved in Individual Defendants actions at all times relevant hereto were merely incidental to the execution of said Individual Police Defendants' ministerial-operational duties.

31. At all times relevant hereto, Plaintiffs had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and Michigan Constitution, by Individual Defendants.

32. At all times relevant hereto, Individual Defendants failed, notwithstanding their standard duty of due care to execute their said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

    a.     to act in good faith while arresting Plaintiff Anthony McCallum based on knowingly, recklessly and/or grossly negligently false information;

    b.     to act in good faith, while prosecuting Plaintiff Anthony McCallum based on knowingly, recklessly and/or grossly negligently false information; and

    c.     to act in good faith, while infringing on Plaintiffs personal freedoms by keeping Plaintiff in custody for six days based on knowingly, recklessly and/or grossly negligently false information.

33. Notwithstanding these duties, Individual Defendants, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of the Michigan Constitution and laws, by acting in bad faith and engaging in ultra vires conduct.

34. Notwithstanding these duties, Individual Police Defendants knowingly failed to fulfill their ministerial duties while on duty and acting in the course of their employment and/or authority, under color of law and pursuant to customs, policies and/or practices, falsely arrested Plaintiff while using excessive force, and imprisoned and prosecuted Plaintiff, in bad faith.

35. Notwithstanding these duties Individual Police Defendants deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill his ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

    a.     by using excessive force to arrest Plaintiff;

b. by wrongfully arresting, imprisoning, and prosecuting Plaintiff Anthony McCallum without probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Defendants.

36. As a direct and a proximate result of Individual Police Defendants' aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiffs were injured.

37. As a direct and proximate result of the Individual officers' actions, Plaintiffs suffered injury and damages including those set forth in paragraph 19.

**WHEREFORE**, Plaintiffs claim judgment against Individual Police Defendants in the amount in excess of Twenty-five Thousand Dollars ($25,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## JURY DEMAND

**NOW COMES** the Plaintiffs and demand trial of their cause by jury.

Respectfully submitted,

/s/ David A. Robinson
David A. Robinson
Thomas E. Kuhn (P37924)
ROBINSON AND ASSOCIATES, P.C.
Attorneys for Plaintiff

Dated: July 12, 2017