UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY PARNELL,

    Plaintiff,

Case No. 17-cv-12560
Honorable Gershwin A. Drain

v.

RICHARD BILLINGSLEA, *et al.*,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [#27]

### I. INTRODUCTION AND FACTUAL BACKGROUND

The instant 42 U.S.C. § 1983 action raises claims of excessive force, unlawful arrest and detention, malicious prosecution, related state law claims, as well as a *Monell* claim stemming from an incident on January 14, 2017. Presently before the Court is the Plaintiff's Motion to Compel, filed on March 16, 2018. Defendants filed a Response in Opposition on March 30, 2018. The parties submitted a Joint Statement of Resolved and Unresolved Issues on May 4, 2018.

Plaintiff served discovery requests in August of 2017 and January of 2018. He complains that Defendants have failed to provide the following requested discovery:

1

(1) complete disciplinary history, internal affairs, personal affairs, personnel records including any and all psychological evaluation in hiring for all named defendants, (2) communication logs and other records related to runs or investigations of any incident on Greensboro on January 14, 2017 and January 15, 2017, (3) all records, including reports, related to Defendant Billingslea's vehicle used on the date of the incident giving rise to this action, and (4) all records, including reports, related to Defendant Billingslea's vehicle during an incident occurring on 18990 Archdale, Detroit, MI 48235 in 2016.

Upon review of the parties' submissions, the Court will grant in part and deny in part Plaintiff's Motion to Compel.

## II.　LAW & ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) governs the scope and limits the discovery, providing that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery is broad, however "a plaintiff [may not] be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. Partnership v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015).

**A. Complete Disciplinary History, Internal Affairs, Personal Affairs, Personnel Records Including Any and All Psychological Evaluation in Hiring for All Named Defendants and Deposition of Responding Officer**

Plaintiff maintains that Defendants have failed to produce any disciplinary records. Nor have Defendants produced any Internal Affairs Investigation Reports. Plaintiff maintains that the requested discovery is relevant to his *Monell* claim and the issue of Defendant City's failure to train, supervise and discipline officers who violate the Constitution. Plaintiff argues that production of Defendants' personnel files and MAS records do not include the requested disciplinary history discovery.

Defendants counter that they have produced the officers' personnel files and MAS sheet, which details the date and description of any use of force history, vehicle pursuits history, and citizen complaints with the corresponding disposition. Moreover, Plaintiff's request is unduly burdensome because each citizen complaint contains its own file and there may be numerous complaints that have nothing to do with the instant matter.

Here, Plaintiff's request for all disciplinary files is unduly burdensome.

3

However, the Court finds there is some relevance to the disciplinary files and Plaintiff's *Monell* claim. As such, the Court will require Plaintiff to revise his request to include only disciplinary records pertaining to the claims at issue here. In that vein, since Defendants have failed to produce any information concerning disciplinary history, Defendants shall produce, <u>no later than May 24, 2018</u>, a list identifying the conduct at issue for each disciplinary investigation and the result of each investigation for the named Defendants during their employment with Defendant City. Thereafter, Plaintiff shall submit, <u>no later than May 31, 2018</u>, a revised request for production seeking only those disciplinary files that are relevant to the issues herein, namely excessive force, malicious prosecution, and unlawful arrest. Defendants shall respond to the revised production request <u>no later than June 14, 2018</u>.

If any internal affairs records exist as the disciplinary investigations requested by Plaintiff, those internal affairs records shall also be produced no later than June 14, 2018. Defendants shall also produce any internal affairs records arising from the incident at issue herein, if any, <u>no later than June 14, 2018</u>.

**B. Communication Logs and Other Records Related to Runs or Investigations of Any incident on Greensboro on January 14, 2017 and January 15, 2017**

As to this request, Defendants assert that they have not refused to produce all of

the responding officers' activity logs from the incident, rather counsel asked Plaintiff to identify the specific officer whose activity log is outstanding so that counsel could rectify the purported production error. However, Plaintiff has failed to respond to Defendants' request.

Because Plaintiff has failed to identify the activity logs that are still outstanding, Plaintiff shall provide this information to Defendants no later than May 17, 2018. Defendants shall produce these logs, if any, no later than May 31, 2018. Plaintiff's request for records from the IT AVERT department is irrelevant to his claims. Moreover, the Court has already permitted Plaintiff an opportunity to depose a Rule 30(b)(6) witness concerning the operation of the patrol vehicle's video and audio recording.

### C. All records, Including Reports, Related to Defendant Billingslea's Vehicle Used on the Date of the Incident Giving Rise to this Action

Defendants assert that Plaintiff's request for records and reports associated with Defendant Billingslea's patrol vehicle is overly broad and unduly burdensome because such a request may encompass vehicle maintenance and service reports. The Court does not find that this request is overly burdensome as it is confined to a specific date and pertains to a single vehicle. Defendants shall produce this material no later than May 31, 2018.

**D.     All Records, Including Reports, Related to Defendant Billingslea's Vehicle Used from an Incident Occurring on 18990 Archdale, Detroit, MI 48235 in 2016**

As to Plaintiff's request for records related to Defendant Billingslea's vehicle used during a CCW incident involving Plaintiff in 2016, Defendants argue that they have already produced documentation from the 2016 incident which shows that Defendant Billingslea was not one of the officers involved in the 2016 matter. Conversely, Plaintiff maintains that Defendants have not produced any records related to Defendant Billingslea and the 2016 incident at the Archdale address. Rather, Defendants have merely claimed that Defendant Billingslea did not work at the precinct covering this location in 2016. Accordingly, Defendants shall produce Defendant Billingslea's time sheet from the date of the CCW incident and his activity log from that date no later than May 31, 2018.

### III.    CONCLUSION

Accordingly, Plaintiff's Motion to Compel [#27] is GRANTED IN PART and DENIED IN PART. The parties shall comply with the directives and deadlines consistent with the instant Order.

SO ORDERED.

Dated: May 16, 2018  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 16, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk