UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY PARNELL,
                Plaintiff,

                                        Case No.: 17-12560

v.                                    Honorable Gershwin A. Drain

RICHARD BILLINGSLEA, *et al.*,
                Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION [#61], GRANTING
IN PART AND DENYING WITHOUT PREJUDICE IN PART
DEFENDANTS' FIRST MOTION *IN LIMINE* [#62], GRANTING
DEFENDANTS' SECOND MOTION *IN LIMINE* [#63], GRANTING
PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF
DISMISSED/SETTLED CLAIMS [#64], GRANTING DEFENDANTS'
THIRD MOTION *IN LIMINE* [#65], DENYING PLAINTIFF'S MOTION *IN
LIMINE* [#66], GRANTING IN PART PLAINTIFF'S MOTION *IN LIMINE*
[#67], GRANTING DEFENDANTS' FOURTH MOTION *IN LIMINE* [#68],
GRANTING IN PART PLAINTIFF'S MOTION *IN LIMINE* [#69],
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
*IN LIMINE* [##70], DENYING IN PART DEFENDANTS' FIFTH MOTION
*IN LIMINE* [#71], DENYING DEFENDANTS' SIXTH MOTION *IN LIMINE*
[#72], GRANTING IN PART AND DENYING IN PART DEFENDANTS'
SEVENTH MOTION *IN LIMINE* [#73], GRANTING DEFENDANTS'
EIGHTH MOTION *IN LIMINE* [#74], DENYING WITHOUT PREJUDICE
DEFENDANTS' NINTH MOTION *IN LIMINE* [#75], GRANTING IN PART
AND DENYING IN PART DEFENDANTS' TENTH MOTION *IN LIMINE*
[#76], FINDING DEFENDANTS' ELEVENTH MOTION *IN LIMINE* [#77]
MOOT AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' TWELFTH MOTION *IN LIMINE* [#78]**

## I.    INTRODUCTION

The instant 42 U.S.C. § 1983 action is scheduled for trial on March 10, 2020.  Presently before the Court are eighteen motions *in limine* filed by the parties.  ECF Nos. 61-78.  These matters are fully briefed and a hearing was held on February 27, 2020.

## II.    FACTUAL BACKGROUND

The facts giving rise to this action began on the evening of January 14, 2017, when Plaintiff Terry Parnell was at a friend's home on Greensboro street in Detroit, Michigan.  Defendants, Detroit Police Officers Richard Billingslea and Hakeem Patterson, were dispatched to respond to "a shots in progress" call on Greensboro. Billingslea claimed to witness Plaintiff on his friend's front porch shooting a gun towards the patrol car and run back into the house.  Billingslea called over the police radio that shots had been fired and several officers arrived on the scene.  Even though Plaintiff voluntarily exited the house, it is alleged that he was thrown to the ground and beaten; suffering considerable bruising, lacerations, pain and suffering from the beating.

Plaintiff further asserts that based on Defendants' false police reports, Plaintiff was charged with carrying a concealed weapon, assault with a dangerous weapon and felony firearm. On the day set for trial, the prosecuting attorney concluded that Billingslea's preliminary examination testimony was impossible

based on the physical evidence. She immediately decided to dismiss the case and the trial judge granted the dismissal. Plaintiff asserts that he has developed a multitude of ailments as a result of his encounter with Defendants, as well as due to his subsequent unlawful detention and criminal prosecution.

## III. LAW & ANALYSIS

### A. Standard of Review

The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. *Ind. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Johasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds. *Id*. When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Id*. Whether or not to grant a motion *in limine* falls within the sound discretion of the trial court. *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012).

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R.

Evid. 402.  Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401.  Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

### B.  Plaintiff's Motions *in Limine*

#### 1.  Motion to Preclude Defendants' Proposed Exhibits

Plaintiff moves *in limine* to preclude the Defendants from admitting four exhibits during trial.  Specifically, Plaintiff seeks to exclude: (1) Exhibit BB, a Register of Actions from the 43rd District Court; (2) Exhibit CC, a Register of Actions from the 36th District Court; (3)  Exhibit DD, a Certification of Court Disposition and (4)  Exhibit EE, Report of Calmeze Dudley.[1]

Defendants argue that Exhibits BB, CC, DD are all records that stem from a June 1, 2015 arrest of Plaintiff for driving on a suspended license.  Defendants maintain that these exhibits are relevant to prove that Plaintiff had a warrant out for his arrest on the date of the underlying incident giving rise to this action. Defendants argue that Plaintiff had no right to be at large in January of 2017 and that the warrants establish probable cause for his arrest.

[1] Plaintiff's motion requested exclusion of additional exhibits; however, Plaintiff only continues to object to the four identified above.

Here, because the Defendants admit that they did not know Plaintiff had a warrant at the time of his arrest in January of 2017, the warrant is irrelevant to whether the Defendants had probable cause to arrest Plaintiff for carrying a concealed weapon, assault with a dangerous weapon and felony firearm. *Logsdon v. Hains*, 492 F.3d 334 (6th Cir. 2007) ("Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed."); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.").

As to Exhibit EE, this is the subject of Plaintiff's Motion *in Limine* to Preclude Experts and Witnesses Not Disclosed During Discovery. The Court will address this exhibit when it resolves this motion.

Based on the foregoing, the Court will grant in part Plaintiff's Motion *in Limine* to Preclude Defendants' Proposed Exhibits. Exhibits BB, CC, and DD are inadmissible.

### 2. Plaintiff's Motion *in Limine* to Preclude Evidence of Dismissed/Settled Claims

Plaintiff also moves *in limine* to exclude from evidence the fact that Plaintiff originally filed suit against the City of Detroit, but later agreed to dismiss the City from this action. Defendants have failed to file a response to this motion. As such,

the Court will grant Plaintiff's Motion *in Limine* to Preclude Evidence of Dismissed/Settled Claims.

### 3. Plaintiff's Motion *in Limine* to Set Procedure for Exercising Peremptory Challenges

Plaintiff's next motion *in limine* seeks an order from this Court "plac[ing] the defendant on notice that challenges to prospective minority jurors must be based on a race-neutral reasons and to preclude the defendants from exercising a peremptory challenge dismissing an African American citizen prior to a finding by the Court that the challenge is based on a race-neutral reason.

Plaintiff's request is contrary to the settled practice for *Batson* challenges. *Batson v. Kentucky*, 476 U.S. 79 (1986). If Plaintiff believes that Defendants have used a peremptory strike to exclude a juror based on race, Plaintiff must first establish a prima facie case of racial discrimination. Next, the burden shifts to the Defendants to come forward with a race-neutral explanation. Finally, if a race-neutral explanation is given, this Court must decide whether the opponent of the strike has proved purposeful discrimination.

Accordingly, the Court will deny Plaintiff's Motion *in Limine* to Set Procedure for Exercising Peremptory Challenges.

### 4. Plaintiff's Motion *in Limine* to Compel Defendant to Produce Police Employees During Plaintiff's Case

Plaintiff has requested that Defendants make City employees available for Plaintiff's case. Plaintiff maintains that during the depositions, each witness and Defendant agreed to accept service of trial subpoenas on the city Law Department.

Defendants counter that the Federal Rules of Civil Procedure require that the party who is required to attend the trial must be personally served with a subpoena. Defendants therefore do not agree to Plaintiff's present motion. Moreover, Defendants indicate that Evidence Technician Raymond Diaz, who Plaintiff failed to depose, will be out of town until March 12, 2020, and another witness, Captain Mark Thornton, has retired from the police department.

In reply, Plaintiff argues that because there are issues with witnesses Thornton and Diaz, Defendant should be required to produce Officer Diaz or give his full contact information as soon as possible so that a *de bene esse* deposition can be conducted. Plaintiff also asserts that Thornton should be required to accept service of the subpoena through the City's law department.

At the hearing on this matter, counsel for Plaintiff indicated that the *de bene esse* deposition of Officer Diaz has been taken. Accordingly, this aspect of Plaintiff's present motion is moot.

Upon consideration of the parties' briefing and arguments during the hearing, the Court will grant in part Plaintiff's Motion to Compel Defendants to Produce Police Employees During Plaintiff's Case. The City Law Department

shall accept service of trial subpoenas for current Detroit Police Department employees. Additionally, Defendants' counsel shall provide Plaintiff's counsel with contact information for Captain Mark Thornton <u>no later than March 3, 2020</u>.

### 5. Plaintiff's Motion *in Limine* to Preclude Experts and Witnesses Not Disclosed During Discovery

Plaintiff next moves for an order precluding Defendants' proposed expert, Calmeze Dudley, M.D.[2] Plaintiff claims Dudley failed to provide a report, and that Dudley will provide irrelevant testimony, and even if the testimony has some relevance, it is substantially more prejudicial than probative.

Dr. Dudley was disclosed to Plaintiff on Defendants' witness list and Plaintiff was examined by Dr. Dudley, who prepared a report that was provided to Plaintiff on July 3, 2019, along with Dr. Dudley's curriculum vitae and a Compliance Statement.

In Response, Plaintiff claims that the independent medical examination ("IME") performed by Dr. Dudley was done in another, ongoing lawsuit Plaintiff has filed against the City of Detroit and some of its officers. Plaintiff argues that any probative value from Dudley's report is substantially outweighed by the danger of unfair prejudice. Plaintiff asserts that the jury will be confused because

---

[2] Plaintiff's motion originally sought to exclude three experts, Calmeze Dudley, M.D., Amanda A. Crooker, Michigan State Police ("MSP") Specialist Latent Prints, and Michael Kusluski, MSP Forensic Scientist. In his reply brief, Plaintiff indicates he now only seeks to preclude the testimony of Dudley.

Dr. Dudley's examination concerned the incident at issue in the other lawsuit, which occurred in October of 2016. Thus, Dr. Dudley's ultimate conclusion that "[t]he October 14, 2016 police incident did not result in any lasting or clinically significant psychiatric sequelae, based on desk-side assessment and without opportunity to review any relevant background records" will not assist the jury in resolving the issues in this case. ECF No. 87-1, PageID. 1375.

As an initial matter, the Court notes that Defendants have failed to provide any case authority supporting their position. Additionally, Defendants failed to file the required motion for an independent medical examination establishing good cause as required by Rule 35 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 35 (the court may order an IME only "upon motion for good cause [.]").

Moreover, while the Court sees some relevance to Dudley's report and testimony, the Court also concludes that the probative value of this evidence is outweighed by the danger of unfair prejudice. Dr. Dudley was asked to perform an IME and reach a conclusion as to the psychological impact a 2016 police encounter had on Plaintiff. He was not asked to assess the psychological impact from the 2017 encounter at issue herein. The danger that the jury will be confused substantially outweighs the probative value of Dudley's testimony and report. Accordingly, the Court will grant in part Plaintiff's Motion *in Limine* to Preclude

Experts and Witnesses not Disclosed during Discovery. Dr. Dudley is precluded from testifying and his report, Defendants' proposed exhibit EE, is inadmissible.

### 6. Plaintiff's Motion *in Limine* to Preclude Prejudicial and Irrelevant Questions and Answers

Plaintiff also moves to preclude evidence of his past alcohol use, criminal history and second lawsuit against the City.

The Court agrees that Plaintiff's prior DUI is irrelevant to the issues herein. This aspect of Plaintiff's Motion *in Limine* is granted.

As to evidence related to Plaintiff being laid off or fired, Defendants argue that this may be relevant to the extent Plaintiff is seeking damages related to his employment. At the hearing on this matter, Plaintiff's counsel indicated he will not be seeking lost wages damages. Accordingly, this aspect of Plaintiff's motion will be granted because work-related evidence is irrelevant to the issues in this matter.

Additionally, Defendant argues that evidence of workers compensation is relevant to the extent Plaintiff may be arguing injury to his back. This aspect of Plaintiff's motion will be denied without prejudice. The Court agrees that if Plaintiff seeks damages from back injuries resulting from his encounter with Defendants, this evidence may be relevant.

Defendant further argues that the fact Plaintiff fired a shotgun is relevant to this lawsuit to the extent it involves a firearm. Defendant maintains that the fact Plaintiff had "prior interactions with law enforcement that involved firearms . . . has a tendency to make the fact that he was involved in the firing of the gun on the night of the incident more probable and therefore is relevant to this case." ECF No. 85, PageID.1337. This type of evidence is precluded pursuant to Rule 404(b), which prohibits the admission of evidence of a crime or wrong to prove "a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). Moreover, Defendants have failed to advance any exception under Rule 404(b)(2). This aspect of Plaintiff's Motion will be granted.

Defendant further argues that evidence of Plaintiff's prior lawsuit that involved a motor vehicle accident wherein Plaintiff sustained a closed head injury is relevant to rebut the damages claimed in the present lawsuit. This aspect of Plaintiff's motion is denied.

Defendant also seeks to introduce a 17-year-old concealed weapons conviction. However, because this conviction is more than ten years old, it can only be admitted if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Defendants argue this evidence is extremely probative given the issues in

this case. The court will grant this aspect of Plaintiff's motion because it has not been shown that the probative value of this evidence substantially outweighs its prejudicial effect.

Lastly, Defendant argues that Plaintiff testified at his deposition that he knew Defendant Billingslea kneed him because Bilingslea was the arresting officer in the 2016 incident giving rise to Plaintiff's other lawsuit against the City and its officers. While Plaintiff testified that he knew Billingslea from the prior incident, the details of the 2016 arrest are irrelevant to the issues before this Court. Thus, this aspect of Plaintiff's motion will be granted in part and denied in part. Plaintiff can testify that he knew Billingslea from a previous encounter, but neither he nor anyone else may testify to the details of the 2016 incident.

Based on the foregoing, the Court will grant in part and deny in part Plaintiff's Motion *in Limine* to Preclude Prejudicial and Irrelevant Questions and Answers.

### C. Defendants' Motions *in Limine*

#### 1. Defendants' First Motion *in Limine* Regarding Subsequent Criminal Allegations and the Duty Status of Defendants

Defendants' First Motion *in Limine* seeks an order precluding Plaintiff from using any evidence or giving any statement indicating that Defendants have been the subject of criminal prosecutions, as well as preclude Plaintiff from offering

evidence concerning the duty status of the Defendants. Specifically, Plaintiff seeks to impeach Billingslea by introducing evidence of his no contest plea to a charge of obstruction of justice and his voluntary agreement to resign from his Michigan Commission on Law Enforcement (MCOLES) certification, which precludes him from employment in law enforcement.

The evidence Plaintiff seeks to introduce concerning Defendant Billingslea's conviction by plea of nolo contendere appears to be inadmissible. *See Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir. 1988) ("Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil liability.") However, subsequent to briefing and oral argument on this issue, Plaintiff filed supplemental authority standing for the proposition that a conviction based on a nolo contendere plea may be admitted for impeachment purposes under Rule 609 "if the Court determines the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." *United States v. Dennis*, 532 F. Supp. 625, 627 (E.D. Mich. 1982); *United States v. Bazzi*, No. 13-20893, 2014 U.S. Dist. LEXIS 68682 (E.D. Mich. May 20, 2014).

Because this authority was filed after the briefing and the hearing concluded, Defendants have not had an opportunity to respond to Plaintiff's supplemental authority. As such, this aspect of Defendants' motion will be denied without prejudice. The Court will resolve whether evidence of Billingslea's obstruction of

justice conviction may be admitted for impeachment purposes at the time this issue arises during the trial. At that time, Defendants may likewise provide the Court with supplemental authority on this issue.

As to Plaintiff's request to admit evidence that Defendant Billingslea resigned from MCOLES, Plaintiff fails to explain the relevance of this evidence. Moreover, any relevance is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403. This aspect of Defendants' motion will be granted.

Accordingly, the Court will grant in part and deny without prejudice in part the Defendants' First Motion *in Limine* Regarding Subsequent Criminal Allegations and the Duty Status of Defendants [#62].

> **2. Defendants' Second Motion *in Limine* Regarding Past or Subsequent Officer Misconduct, Disciplinary History, Misconduct Investigations, and Administrative, Legislative or Judicial Hearing Transcripts or Records, and Findings or Judgments**

Defendants also move *in limine* for an order precluding any reference to, or discussion of, past or subsequent officer misconduct, disciplinary history, misconduct investigations, and administrative, legislative, or judicial hearing transcripts or recordings, and findings or judgments.

Plaintiff counters that Billingslea has admitted to his disciplinary and misconduct history with the Department, therefore this is a party admission under Rule 801(2). Plaintiff further argues that Rule 403 is not implicated because there is an absence of unfair prejudice which "does not mean the damage to a [party]'s

case that results from the legitimate probative force of the evidence." ECF No. 94, PageID.1513.

Here, Plaintiff ignores that even though a statement may not be hearsay under Rule 801(c), the statement must still be admissible pursuant to the other rules of evidence. Rule 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This proposed evidence appears barred by rule 404(b). Moreover, Plaintiff has not disclosed any other purposes for which this evidence may be admitted pursuant an exception under 404(b).

Accordingly, the Court will grant Defendants' Second Motion *in Limine*.

### 3. Defendants' Third Motion in Limine Regarding Unrelated Incidents Involving Allegations of Police Misconduct, Consent Decree, or Police/Public Relations or Perceptions Generally

Defendants next seek an Order precluding Plaintiff from introducing evidence of other cases or news articles about these other cases that involve allegations of wrongful conduct by the Defendants, the Detroit Police Department, the Wayne County Sheriff's Office, or law enforcement generally. Defendants further seek an Order excluding Plaintiff from introducing any evidence of the consent decree with the City of Detroit. Defendants argue this evidence is irrelevant to the issues here. Even if the Court were to find some relevance to this

evidence, Defendants also argue that its probative value will be substantially outweighed by the danger of unfair prejudice, confusion of the issues and undue delay under Rule 403. Lastly, Defendants argue that media articles are inadmissible under Rule 807 because they contain hearsay.

The Court agrees with Defendants that evidence of media reports, the Consent Decree and other instances of misconduct is irrelevant to the issues in this case. Plaintiff does not advance any argument concerning the potential relevance of this evidence, rather Plaintiff argues that the evidence may be appropriate for impeachment purposes or if one of the Defendants "opens the door." Such an argument is too speculative. Moreover, any evidence of the Defendants' misconduct on a separate occasion, either before or after the incident giving rise to this action, would have no bearing on whether there was probable cause to arrest Plaintiff. Such evidence would be classic Rule 404(b) evidence of other wrongs, which is inadmissible unless an exception under Rule 404(b)(2) applies. For this reason, the Court will grant Defendants' Third Motion *in Limine* Regarding Unrelated Incidents Involving Allegations of Police Misconduct, Consent Decree, or Police/Public Relations or Perceptions Generally.

**4. Defendants' Fourth Motion *in Limine* Regarding Evidence that Defendants are Represented and Indemnified by the City of Detroit**

In their Fourth Motion *in Limine*, Defendants seek an order precluding any reference or discussion regarding the Defendant Officers being represented and indemnified by the City of Detroit. In his Response, Plaintiff argues that he must be permitted to introduce this evidence if offered for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership or control." However, Plaintiff does not identify what other purpose this evidence would be used to establish. Moreover, because the City is no longer a party, the exceptions to the general rule are inapplicable here. Accordingly, Defendants' Fourth Motion *in Limine* will be granted.

### 5. Defendants' Fifth Motion *in Limine* Regarding Medical Records and Expert Witness Testimony

Defendants next move to exclude Plaintiff from introducing medical records and from using Dr. Michael Abramsky because this evidence is irrelevant. Defendant further argues that to allow this evidence would be a trial by ambush.

In response, Plaintiff has indicated he will not introduce any medical records. As such, this aspect of Defendants' Motion is moot.

As to Defendants' request to exclude the testimony of Dr. Abramsky, Plaintiff responds that he was evaluated in 2018 by Dr. Abramsky, who issued a

report in May of that year.  Plaintiff further indicates that Defendants were served with a copy of this report on May 22, 2018.

Defendants have failed to advance a proper basis for excluding this evidence.  Defendants received notice of this expert, who is board certified in psychology and issued a report based on his examination of Plaintiff.  Plaintiff asserts that he has suffered emotional and physical issues as a result of his wrongful beating, arrest, detention and prosecution.  As such, Dr. Abramsky's testimony is relevant to Plaintiff's claim for damages.  Defendants' Fifth Motion *in Limine* Regarding Medical Records and Expert Witness Testimony will be denied in part.  Dr. Abramsky shall be permitted to testify.

### 6.  Defendants' Sixth Motion *in Limine* Regarding Punitive Damages

Defendants seek an order prohibiting Plaintiff from introducing testimony or evidence or referencing punitive damages during trial.  Defendants maintain that Plaintiff has no evidence that any of the Defendants were motivated by evil intent, or that they were recklessly or callously indifferent to Plaintiff's civil rights.  As such, Defendants argue that punitive damages are unwarranted under the circumstances of this case.

"A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or

intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Here, there is evidence upon which the jury may rely to conclude that Defendants acted with evil intent or with reckless indifference to Plaintiff's civil rights. As such, the Court will deny Defendants' Sixth Motion *in Limine* Regarding Punitive Damages.

### 7. Defendants' Seventh Motion *in Limine* Regarding Testimony That is Irrelevant and From Witnesses not Disclosed During Discovery

In their Seventh Motion *in Limine*, Defendants argue that Plaintiff has listed numerous friends and family witnesses who cannot offer relevant testimony because they were not present for the underlying incident giving rise to this action. Defendants also argue that even if relevant, the testimony should be excluded pursuant to Rule 403 because it poses a danger of confusing the issues, misleading the jury, undue delay, wasting time and the presentation of cumulative evidence. Defendants further complain that Plaintiff has listed records custodians from St. John's Hospital on Moross, the City's Police Department, 36th District Court, Wayne County Circuit Court, the City of Detroit and 911 calls and dispatch.

As to Plaintiff's friends and family, these witnesses can offer relevant testimony concerning Plaintiff's emotional condition prior to the incident giving rise to this action and after the incident. However, Plaintiff has listed fifteen witnesses to offer testimony concerning Plaintiff's damages. At the hearing on this matter, Plaintiff's counsel indicated that he intended to use no more than 3

three witnesses of this nature. While the Court agrees that these witnesses can provide relevant evidence, the Court also finds that fifteen witnesses will contravene Rule 403 because the probative value of all of this testimony will be substantially outweighed by the dangers of presenting cumulative evidence. As such, the Court will grant in part and deny in part Defendant's Seventh Motion *in Limine*. Plaintiff may use no more than 3 family and/or friend witnesses to provide testimony on the issue of Plaintiff's emotional state and/or damages.

### 8. Defendants' Eighth Motion *in Limine* Regarding Irrelevant Evidence of Employment

In Defendants' Eighth Motion *in Limine*, they argue that Plaintiff should be precluded from offering any testimony from Keith Rudicelli or any agents or employees of Sur-Form Corporation, where Plaintiff has worked "off and on" for three years. Defendants argue that Plaintiff was not working at the time the incident giving rise to this action occurred so Plaintiff cannot claim any damages as a result of missing work. As such, Rudicelli's testimony is irrelevant to the issues herein.

Plaintiff maintains that he spoke with Rudicelli, the plant manager at Sur-Form Corporation, about the incident giving rise to this action. Moreover, Plaintiff argues that Rudicelli can offer testimony concerning Plaintiff's need for time off to attend court matters related to his criminal charges for carrying a concealed weapon, assault with a dangerous weapon and felony firearm.

At the hearing on this matter, Plaintiff's counsel indicated that Plaintiff was not seeking lost wages damages. As such, Rudicelli's testimony is irrelevant to the issues herein. The Court will therefore grant Defendants' Eighth Motion *in Limine* Regarding Irrelevant Evidence of Employment.

**9. Defendants' Ninth Motion *in Limine* Regarding Detroit Police Department Policies**

In their Ninth Motion *in Limine*, Defendants ask that the Court preclude Plaintiff from introducing any Detroit Police Department policies into evidence, including the department's use of force policy, arrest policy, written directive system policy, Oath of Office policy, code of ethics policy, code of conduct policy and discipline/misconduct policy. Defendants argue the *Monell* claim has been dismissed and the remaining issues in this case are not whether the officers violated department policy, but whether they violated Plaintiff's constitutional rights. Defendants also argue that even if the policies are relevant, they should still be excluded pursuant to Rule 403 because this evidence may confuse and mislead the jury.

Plaintiff counters that the policies are relevant to whether Defendants' actions showed deliberate indifference, and whether their conduct was willful and reckless given their knowledge of the department's policies.

The Court notes that neither party provides case authority on this issue. Contrary to Defendants' argument, Defendants' state of mind is in issue because Plaintiff is seeking punitive damages. *Smith v. Wade*, 461 U.S. 30, 56 (1983) ("A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). As such, there may be some relevance to the issue of whether Defendants acted with a callous indifference or evil motive when they were aware of the department's policies and violated them.

Moreover, a review of the law on this issue reveals that district courts in this Circuit do not categorically exclude this evidence. *See Luna v. Bell*, No. 3:11-cv-00093, 2013 U.S. Dist. LEXIS 202793, *20 n.3 (M.D. Tenn. Aug. 1, 2013) (holding that correctional facility policies are relevant to the issue of whether a defendant acted within constitutional bounds); *see also Alvarado v. Oakland County*, 809 F. Supp.2d 680, (E.D. Mich. 2011) (concluding that expert could testify on nationally accepted police practices regarding the use of excessive force, as well as local policies regarding the use of excessive force). While district courts in this Circuit have interpreted Sixth Circuit decisions to allow expert testimony regarding recognized police policies and procedures, such testimony is permitted so long as the expert does not provide a legal conclusion. *See Luna*, 2013

U.S.Dist. LEXIS 202793, *20 n.3 ("The Sixth Circuit has made clear that city policies do not determine constitutional law. However, this does not make local or state policies irrelevant to the issue of whether a defendant acted within constitutional bounds. As a sister court has explained, the Sixth Circuit [] did not rule that such standards could not be considered by a fact finder, only that they cannot be understood to define the constitutional boundaries by which an officer's conduct is to be judged.").

Plaintiff does not provide the Court with sufficient information concerning the specific policy provisions that have been violated. Because Plaintiff has failed to articulate which policy provisions have been violated and through which witness this evidence is to come in, the Court will deny without prejudice Defendants' Ninth Motion *in Limine*. If Plaintiff seeks to introduce these policies, and the Court allows their admission, the Court will require a limiting instruction stating that violation of department policy does not equate to a constitutional violation.

### 10. Defendants' Tenth Motion *in Limine* Regarding Proposed Testimony from the Criminal Defense Attorney and the Judge from Plaintiff's Criminal Proceedings

Defendants further seek to exclude the testimony of the trial judge who presided over, and the defense attorney who represented, Plaintiff during his prosecution for firearms offenses and assault with a dangerous weapon. Defendants argue their testimony is irrelevant, and even if relevant, it would violate Rule 403.

Defendants assert that allowing the trial judge to testify would be highly prejudicial. However, the Defendants' argument rests solely on the following: "'[h]aving the judge from Plaintiff's criminal proceedings testify in the present case would surely not present enough probative value to overcome the high bar set by Fed. R. Evid. 403." ECF 76, PageID.1208. Defendants provide no case authority for their request. Defendants further assert that allowing Plaintiff's criminal defense attorney to testify would create "blatant and obvious potential conflicts with the attorney/client privilege and/or the work product doctrine." *Id.*

Plaintiff responds that both witnesses have personal knowledge of his criminal prosecution which is the subject of Plaintiff's malicious prosecution claims against Billingslea and Mack. Plaintiff asserts the trial judge's testimony is "highly relevant to the dismissal of the criminal case." *Id.*, PageID.1301. Plaintiff further argues that his defense attorney can provide relevant testimony concerning Plaintiff's "emotional damages which she observed in the course of the serious prosecution that attempted to put Plaintiff behind bars for decades for a crime he didn't commit." *Id.*

Here, the Court finds that Plaintiff's defense counsel's anticipated testimony is relevant to the issues herein. However, the trial judge's testimony will not assist the jury with resolving the issues. The trial judge has no personal knowledge beyond granting the prosecutor's motion for dismissal of the charges. Because the

Court will allow Plaintiff's criminal defense attorney to testify, she can testify to the dismissal of the criminal charges. As such, the only topic upon which the trial judge can testify, namely the dismissal of the criminal charges, will be addressed during defense counsel's testimony rendering the trial judge's testimony needlessly cumulative. Accordingly, the Court will grant in part and deny in part Defendants' Tenth Motion *in Limine* Regarding Proposed Testimony from the Criminal Defense Attorney and the Judge from Plaintiff's Criminal Proceedings. Plaintiff's defense attorney, Danielle Cadoret, may testify during Plaintiff's case-in-chief.

### 11. Defendants' Eleventh Motion *in Limine* Regarding Exhibits Not Described with Particularity or not Disclosed During Discovery

As to Defendants' Eleventh Motion *in Limine,* it appears the parties have reached a resolution to the issue raised by Defendants. Defendants' motion sought the exclusion of so called "vague categories of documents" listed by Plaintiff in the proposed Joint Final Pretrial Order. Specifically, Plaintiff listed the following: "1. Videos and Photos," "27. Evidence Tech records," "28 Police Reports," "30. Investigator's report," and "39. Evidence technician records, reports and photographs."

Since the filing of the motion, Plaintiff has identified four dash-cam videos labeled 7134834, 7134836, 7134837 and 7134858, as well as the evidence tech., evidence technician records and police reports Plaintiff intends to use during trial. Accordingly, Defendants' Motion *in Limine* Regarding Exhibits Not Described

with Particularity or Not Disclosed During Discovery is MOOT. Plaintiff shall be required to amend the proposed Joint Final Pretrial Order to reflect the information recently disclosed to Defendants. Plaintiff may not use any additional exhibits other than those discussed in Defendants' Reply brief or that were attachments to Defendants' brief.

### 12. Defendants' Twelfth Motion *in Limine* Regarding Exhibits that are Irrelevant, Cumulative or Contain Inadmissible Hearsay

Defendants' last motion has been narrowed to seek exclusion of only the following exhibits proposed by Plaintiff: 6, 9-11, 14, 16, 25, 37-38, and 40-41.

Exhibit 6 is a redacted version of Exhibit 38 and is a "Chief's Duty Officer Report for January 14, 2017." Defendants believe this report contains out-of-court statements of Captain Mark Thornton about a number of incidents, most of which are irrelevant to the issues herein. However, the incident giving rise to this action is referred to at the end of the report which states "shots fired, not at officer . . . ." Plaintiff argues the report can come in under Rule 803(8) which is a hearsay exception for "factual findings" in public records.

Defendants argue that the report is not based on personal knowledge because Thornton did not arrive on the scene until after Plaintiff was transported to the detention center. Plaintiff argues that Thornton's factual findings are based on his discussions with Defendants and his personal observations at the scene. However,

it is not evident from Thornton's report who provided the information for his report.   As such, exhibit 38 will be excluded from trial.

Defendants argue exhibits 9, 10, 11, and 37 are emails exchanged between Barbara Lanning, the prosecutor who dismissed the charges against Plaintiff, and Plaintiff's defense counsel, as well as are emails exchanged between Lanning and Pachia Young, the warrants prosecutor.  Defendants maintain they contain no relevant information and violate the rule against hearsay.  Plaintiff responds in conclusory fashion, arguing that the emails are relevant and not cumulative because "they relate to the very root of the matter in controversy."  ECF No. 89, PageID.1443.  Plaintiff intends on calling both Young and Lanning as witnesses to testify about their records and their reasons for concluding whether to prosecute the Plaintiff.  Because Plaintiff intends on calling Young and Lanning, the miniscule relevance these documents have to the issues herein render them inappropriate for admission during trial.  The emails may not come in as substantive evidence.

They also argue Exhibit 25 is a bill from an attorney, which Plaintiff has indicated he will not admit at trial.  Plaintiff's legal bills stemming from his criminal prosecution go to the issue of damages.  Should Plaintiff wish to introduce this exhibit, it is not inadmissible under Rule 401 or 403.

Additionally, Defendants assert that Plaintiff's proposed exhibit 40 broadly describes "Witnesses Transcripts from Preliminary Examination, hearings and depositions." Neither side offers more than conclusory arguments in regard to this exhibit. When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Ind. Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004). As such, this aspect of Defendants' motion will be denied without prejudice.[3]

Defendants further argue that Plaintiff's proposed exhibits 14, 16, and 41 are two documents prepared by Pachia Young, the prosecutor who signed off on the warrant for Plaintiff's arrest. Plaintiff has not advanced any exception to the rule against hearsay. In any event, Defendants argue that if Young testifies, this evidence is needlessly cumulative. Here, the Court finds these exhibits are relevant. Moreover, it is not evident that these records will be needlessly cumulative if Young testifies. Accordingly, this aspect of Defendants' motion is denied.

---

[3] After briefing and the hearing on this matter concluded, Defendants submitted supplemental authority arguing that Billingslea is entitled to testimonial immunity with respect to his preliminary examination testimony. *See Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009). At the time this issue arises during trial, Plaintiff should be prepared to address this authority.

Based on the foregoing, the Court will grant in part and deny in part Defendants' Twelfth Motion *in Limine* Regarding Exhibits that are Irrelevant, Cumulative or Contain Inadmissible Hearsay [#78].

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion *in Limine* to Preclude Defendants' Proposed Exhibits [#61] is GRANTED IN PART. Defendants' proposed Exhibits BB, CC, and DD are inadmissible.

Defendants' First Motion *in Limine* Regarding Subsequent Criminal Allegations and the Duty Status of Defendants [#62] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

Defendants' Second Motion *in Limine* Regarding Past or Subsequent Officer Misconduct, Disciplinary History, Misconduct Investigations, and Administrative, Legislative, or Judicial Hearing Transcripts or Recordings and Findings or Judgments [#63] is GRANTED.

Plaintiff's Motion *in Limine* to Preclude Evidence of Dismissed/Settled Claims [#64] is GRANTED.

Defendants' Third Motion *in Limine* Regarding Unrelated Incidents Involving Allegations of Police Misconduct, Consent Decree, or Police/Public Relations or Perceptions Generally [#65] is GRANTED.

Plaintiff's Motion *in Limine* to Set Procedure for Exercising Peremptory Challenges [#66] is DENIED.

Plaintiff's Motion to Compel Defendant to Produce Police Employees During Plaintiff's Case [#67] is GRANTED IN PART.  Counsel for Defendants shall provide contact information for Captain Mark Thornton to Plaintiff's counsel <u>no later than March 3, 2020</u>.   The City Law Department shall accept service of trial subpoenas for current Detroit Police Department employees.

Defendant's Fourth Motion *in Limine* Regarding Evidence that Defendants are Represented and Indemnified by the City of Detroit [#68] is GRANTED.

Plaintiff's Motion *in Limine* to Preclude Experts and Witnesses Not Disclosed During Discovery [#69] is GRANTED IN PART.  Dr. Dudley is precluded from testifying and his report, Defendants' proposed exhibit EE, is inadmissible.

Plaintiff's Motion *in Limine* to Preclude Prejudicial And Irrelevant Questions and Answers [#70] is GRANTED IN PART and DENIED IN PART. Evidence of Plaintiff's prior DUI, work-related evidence, evidence that he shot a gun in a residential neighborhood on a prior occasion, his 17-year old concealed weapons conviction, and the facts concerning the 2016 police encounter and subsequent lawsuit are all inadmissible.

Defendants' Fifth Motion *in Limine* Regarding Medical Records and Expert Witness Testimony [#71] is DENIED IN PART. Dr. Abramsky shall be permitted to testify.

Defendant's Sixth Motion in Limine Regarding Punitive Damages [#72] is DENIED.

Defendants' Seventh Motion *in Limine* Regarding Testimony that is Irrelevant and From Witnesses Not Disclosed During Discovery [#73] is GRANTED IN PART and DENIED IN PART. Plaintiff may use 3 friends and/or family witnesses to offer testimony on the issue of emotional condition.

Defendants' Eighth Motion *in Limine* Regarding Irrelevant Evidence of Employment [#74] is GRANTED. Keith Rudicelli is precluded from testifying.

Defendants' Ninth Motion *in Limine* Regarding Police Department Policies [#75] is DENIED WITHOUT PREJUDICE.

Defendants' Tenth Motion *in Limine* Regarding Proposed Testimony from the Criminal Defense Attorney and the Judge from Plaintiff's Criminal Proceedings [#76] is GRANTED IN PART and DENIED IN PART. Danielle Cadoret may testify during Plaintiff's case-in-chief.

Defendants' Eleventh Motion *in Limine* Regarding Exhibits Not Described with Particularity or Not Disclosed During Discovery [#77] is MOOT. Plaintiff

may not use any additional exhibits other than those discussed in Defendants'
Reply brief or that were included as attachments to Defendants' brief.

Defendants' Twelfth Motion *in Limine* Regarding Exhibits that are
Irrelevant, Cumulative or Contain Inadmissible Hearsay [#78] is GRANTED IN
PART and DENIED IN PART. Exhibits 14, 16, 25 and 41 are admissible.
Exhibits 6, 9-11, 37-38 are inadmissible. Exhibit 40 may be admissible upon
proper foundation.

Finally, the Court will require the parties to amend the proposed joint final
pretrial order to reflect compliance with the instant Order. The revised joint final
pretrial order shall be submitted to the Court <u>no later than March 5, 2020 at noon</u>.

SO ORDERED.

Dated: March 2, 2020

<u>/s/Gershwin A. Drain</u>
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 2, 2020, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager